GLIDEWELL *v.* POLK.

4-7278                                        178 S. W. 2d 59

Opinion delivered February 28, 1944.

*Peter A. Deisch* and *John C. Sheffield,* for appellant.

*A. M. Coates,* for appellee.

McHANEY, J. Appellee brought this action in the municipal court of Helena against appellant in replevin to recover the possession of four truck tires and three tubes, or their value. Trial there resulted in a judgment for appellee for $146.86, as the value of the tires and tubes and for $15 as damages for the detention and use thereof. On appeal to the circuit court, trial resulted in an instructed verdict for appellee at his request as follows: "You shall find for the plaintiff for the possession of the four automobile casings and three inner tubes. Then it will be your duty to fix the present value thereof, and in addition thereto, the damages, if any, that the said tires and tubes have sustained by use and depreciation while in the possession of the defendant, all to be determined by the preponderance of the evidence." Thereupon, the jury rendered its verdict finding the present value of the tires and tubes to be $45, and that appellee had sustained damages in the sum of $100. Judgment was entered accordingly, from which is this appeal.

To reverse this judgment appellant makes two contentions: (1) that the court erred in directing a verdict for the possession of the tires; and (2) that the evidence is insufficient to support the verdict as to the value of the tires, or as to the damages to them.

1. The undisputed evidence establishes the following facts: Appellee is the owner and operator of a large number of motor trucks and kept on hand a large number of tires, tubes, rims, etc., in his warehouse on his plantation in Phillips county; that his truck driver, a negro named McKinley Giles, had access to this warehouse; that he missed a number of tires, tubes and rims from his warehouse; that he received a tip from the officers that appellant had purchased a trailer from one Crowder, a dealer in Helena; that he took a list of the makes and numbers of the tires that were missing from his warehouse and checked same with the tires on appellant's trailer and found that four of them belonged to him; that he learned that the trailer had been purchased from Crowder, and on inquiring of Crowder found that he had purchased the four tires and three tubes from McKinley Giles, two of the tires and tubes being fully mounted at the time of purchase from Giles; and that all four of the tires and the three tubes were mounted on the trailer at the time appellant purchased same from Crowder and after their discovery by appellee Crowder returned the two rims to appellee. All of which was fully corroborated by Crowder who testified that he knew Giles was a truck driver for appellee, and that he purchased the four tires and three tubes in question from Giles in the fall of 1941, when Giles was hauling cotton seed for appellee to the oil mill. None of this was denied by appellant. He said he bought the trailer from Crowder with used tires on it. He did not know whether the tires had been stolen from appellee and did not know, nor did he deny that they belonged to appellee who positively identified them by the makes and the numbers on them, of which he kept a record, tearing off the paper covering on new tires when bought and entering the makes and numbers thereof in a permanent record at that time. Ordinarily, the testimony of a party to an action is not to be regarded as undisputed so as to justify a directed verdict in his favor, even though undisputed by other evidence, since his interest in the result of the litigation puts it in question. But we think this rule is inapplicable here because Crowder admitted

that he bought these tires, tubes and rims from a negro truck driver whom he knew and knew to be employed by appellee, mounted them on the trailer sold to appellant, and actually returned to appellee two rims, thereby fully corroborating appellant's claim of ownership. Under these facts, we think the court was justified in directing a verdict for appellee for the possession of the property. Appellant's only possible claim of title was based on his purchase from Crowder who admittedly purchased from one who was not the owner.

2. We think the evidence, as to the value of the tires and tubes and the damages sustained by the use thereof by appellant, was amply sufficient to support the verdict. Appellee testified the tires cost about $70 each new, and that their market value when stolen was about $50 each. The undisputed evidence was that the value of the tubes when stolen, and at the time of trial was not less than $5 each, appellant stating they were worth about $10 each, and that he had driven the trailer with these tires and tubes 15,312 miles. There was ample evidence to sustain a much higher present value of the tires and tubes and damage to them by use.

We find no error, and the judgment is accordingly affirmed.